[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12632
Non-Argument Calendar

_____

D. C. Docket No. 04-00467-CR-T-26-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIRSO VALENTIERRA-SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 24, 2006)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Tirso Valentierra-Sanchez appeals his concurrent 135-month sentences for: (1) possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to United States' jurisdiction, in violation of 46 App. U.S.C. § 1903(a), (g), and 21 U.S.C. § 960(b)(1)(B)(ii) (Count One); and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to United States' jurisdiction, in violation of § 1903(g), (j), and § 960(b)(1)(B)(ii) (Count Two). On appeal, Valentierra-Sanchez argues that the district court erred by failing to consider the sentencing factors outlined in 18 U.S.C. § 3553(a) when it imposed his sentence. After review, we affirm.

## I. BACKGROUND

The United States Coast Guard ("USCG") observed a fishing vessel, the San Jose, in the eastern Pacific Ocean, that was riding low in the water and was not engaged in fishing activities. USCG personnel boarded the San Jose and detained its Colombian captain and seven Colombian crew members, including Valentierra-Sanchez. During a search of the vessel, USCG personnel located several discolored tiles under the lower bunks in the berthing compartments. After removing the tiles, they discovered 525 bales of cocaine, weighing a total of 10,500 kilograms. Before the San Jose left Colombia, Valentierra-Sanchez and

2

other crew members met with the captain, who told them that they would be transporting cocaine to a transfer point in the eastern Pacific Ocean.

Valentierra-Sanchez pled guilty to both counts. The presentence investigation report ("PSI") assessed a base offense level of 38 under U.S.S.G. § 2D1.1(c)(1) based on the amount of cocaine (150 kilograms or more) that Valentierra-Sanchez had possessed and conspired to distribute. Based on a total offense level of 33 and a criminal history category I, the PSI recommended a guideline range of 135 to 168 months' imprisonment.[1] In his written objection, Valentierra-Sanchez argued only that he should receive a mitigating-role reduction under U.S.S.G. § 3B1.2. Valentierra-Sanchez did not otherwise object to the PSI's application of the sentencing guidelines or to the calculation of his guidelines range.

At the sentencing hearing, Valentierra-Sanchez withdrew his request for a mitigating-role reduction. The district court nonetheless addressed the request, noting that it was declining to give Valentierra-Sanchez a downward adjustment based on the following: (1) Valentierra-Sanchez's crew members indicated that he

---

[1]To the base offense level of 38, the PSI recommended a two-level reduction in the offense level under U.S.S.G. § 2D1.1(b)(7) because Valentierra-Sanchez met the criteria for application of the guidelines' safety-valve provision, a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and a one-level reduction for timely notification of the intent to plead guilty pursuant to U.S.S.G. § 3E1.1(a) and (b).

had been on three previous drug trips on the same vessel; and (2) a substantial quantity of cocaine was involved in the instant offense. The court then calculated Valentierra's advisory guidelines range of 135 to 168 months and stated its belief that a sentence of 135 months' imprisonment, at the low end of the range, was appropriate under the facts of the case and the factors it was supposed to consider, as follows:

> Unless the Government possesses any adverse information, I'm inclined to treat him the same as I've treated everybody else in this case, except I haven't sentenced the captain yet. I'm going to give him the low end which is 135 months. I believe under the facts of this case and under all the factors I'm supposed to consider, that's an appropriate sentence . . . .

After permitting Valentierra-Sanchez to allocute, the district court imposed a sentence of 135 months' imprisonment. This appeal followed.

## II. DISCUSSION

### A. Jurisdiction

The government, as a threshold matter, points out that Valentierra-Sanchez does not challenge any application of the guidelines or the ultimate calculation of his guideline range of 135 to 168 months. Because Valentierra-Sanchez's sentence was within a correctly-calculated guidelines range, the government contends that we lack jurisdiction under 18 U.S.C. § 3742 to review the reasonableness of Valentierra-Sanchez's sentence. We disagree.

4

First, post-Booker, this Court repeatedly has reviewed sentences within the guidelines range for unreasonableness.  See, e.g., United States v. Talley, ___ F.3d ___, No. 05-11353, 2005 WL 3235409 (11th Cir. Dec. 2, 2005); United States v. Scott, 426 F.3d 1324 (11th Cir. 2005); United States v. Winingear, 422 F.3d 1241 (11th Cir. 2005).   Second, although Booker excised the standards of review in 18 U.S.C. § 3742(e), the Supreme Court explained that "the [Federal Sentencing] Act continues to provide for appeals from sentencing decisions (irrespective of whether the trial judge sentences within or outside the Guidelines range in the exercise of his discretionary power under § 3553(a))," and cited 18 U.S.C. § 3742(a).[2] United States v. Booker, 543 U.S. 220, ___, 125 S. Ct. 738, 765 (2005) (instructing appellate courts to review a sentence for "unreasonableness" in light of the factors set forth in § 3553(a)).

Although the Supreme Court in Booker did not identify which provision of §

---

[2] Specifically, § 3742(a) provides a defendant may appeal his sentence if that sentence:
(1) was imposed in violation of law;
(2) was imposed as a result of an incorrect application of the sentencing guidelines; or
(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.
18 U.S.C. § 3742(a).

3742(a) provided for appeals for "unreasonableness," we conclude that a post-Booker appeal based on the "unreasonableness" of a sentence, whether within or outside the advisory guidelines range, is an appeal asserting that the sentence was imposed in violation of law pursuant to § 3742(a)(1). See United States v. Frokjer, 415 F.3d 865, 875 & n.3 (8th Cir. 2005) (holding that Booker did not alter the rule that a district court's discretionary decision not to depart downward is unreviewable, but noting that, after Booker, the court will "review a defendant's argument that even a sentence within the advisory guideline range is 'unreasonable' with regard to the factors set forth in 18 U.S.C. § 3553(a), and an unreasonable sentence would be imposed 'in violation of law' within the meaning of § 3742(a)") (citation omitted). Thus, this Court has jurisdiction under § 3742(a)(1) to review sentences for unreasonableness.

**B.     Consideration of the § 3553(a) Factors**

Valentierra-Sanchez argues that the district court erred by failing to consider the sentencing factors outlined in § 3553(a) in imposing his sentence. Valentierra-Sanchez does not argue on appeal that his sentence is unreasonable under Booker. Instead, he argues only that the district court failed to consider the factors in § 3553(a) on the record and instead blindly sentenced him within the guidelines range.

After the Supreme Court's decision in <u>Booker</u>, a district court, in determining a reasonable sentence, is required to take into account the advisory guidelines range and the sentencing factors set forth in 18 U.S.C. § 3553(a). <u>See</u> <u>United States v. Booker</u>, 543 U.S. 220, ___, 125 S. Ct. 738, 764-66 (2005). "The factors in § 3553(a) include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to protect the public; and (5) the Guidelines range." <u>United States v. Scott</u>, 426 F.3d 1324, 1328-29 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)). Although the district court must consider § 3553(a)'s factors, "nothing in <u>Booker</u> or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." <u>Id.</u> at 1329. Instead, "acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under <u>Booker</u>." <u>United States v. Talley</u>, ___ F.3d ___, No. 05-11353, 2005 WL 3235409, at *2 (11th Cir. Dec. 2, 2005).

Here, Valentierra-Sanchez's argument that the district court failed to consider the § 3553(a) factors is without merit. At sentencing, the district court explicitly found that Valentierra-Sanchez's final sentence of 135 months'

7

imprisonment was appropriate "under the facts of this case and under all the factors [it was] supposed to consider."  Additionally, the district court expressly mentioned the nature and circumstances of the offense and history and characteristics of Valentierra-Sanchez, including the amount of cocaine involved in the offense and other crew members' statements that Valentierra-Sanchez had been involved in at least three prior drug runs on the same vessel.  Considering the sentencing transcript as a whole, we conclude that Valentierra-Sanchez has shown no reversible error.

Therefore, we affirm Valentierra-Sanchez's sentences.

**AFFIRMED**.